UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY WHITE,
FDOC Inmate #CO8816
    Plaintiff,

vs.                                      Case No.:  3:25cv489/MW/ZCB

LIEUTENANT Z. HAYES, et al.,
    Defendants.
                                          /

## **REPORT AND RECOMMENDATION**

Plaintiff is an inmate of the Florida Department of Corrections (FDOC) who is proceeding *pro se* and *in forma pauperis* (IFP) in this civil rights action. The Court is required to screen Plaintiff's amended complaint (Doc. 6) to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from immune defendants. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring screening of IFP complaints); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). After reviewing the amended complaint, the Court believes that dismissal is warranted.

Plaintiff's amended complaint names four FDOC officers as Defendants in this action: (1) Lieutenant Z. Hayes; (2) Lieutenant M.

1

Burdett; (3) Officer Sears; and (4) Officer Thomas. (Doc. 6 at 2-3). Plaintiff also lists three unnamed "Cell Extraction Team John Doe" Defendants. (*Id.* at 3). He sues all Defendants in only their official capacities, and he seeks $10,000 in damages. (*Id.* at 2-3, 9).

The amended complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b)(2) and 1915(e)(2)(B)(iii) because Plaintiff seeks monetary relief from parties who are immune. Absent waiver or congressional abrogation, the Eleventh Amendment doctrine of sovereign immunity prevents an individual from bringing a damages action against a state or its agencies. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). That immunity extends to damages actions brought against state employees in their official capacities. *See Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994) ("Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court.").

Here, Defendants are employees of the FDOC—an agency of the State of Florida. Plaintiff has sued them in their official capacities only, and he seeks monetary relief. (Doc. 6 at 2-3, 9). By suing Defendants in their official capacities, Plaintiff has effectively sued the State of Florida for damages. "Congress has not abrogated Eleventh Amendment

2

immunity in § 1983 cases, and the State of Florida has not waived sovereign immunity or consented to suit with respect to such actions." *Driessen v. Univ. of Miami Sch. of Law*, 835 F. App'x 489, 492 (11th Cir. 2020). Accordingly, state sovereign immunity bars Plaintiff's claims. *See Gale v. Fla. Dep't of Corr.*, 4:19cv55, 2019 WL 13562171, at *3 (N.D. Fla. Oct. 18, 2019), *adopted by* 2021 WL 13562172 (dismissing official capacity damages claims against FDOC officers based on sovereign immunity); *see also Burns v. May*, 2024 WL 5701891, at *3 (N.D. Fla. Feb. 5, 2024), *adopted by* 2024 WL 5701476 (same).

When Plaintiff filed his original complaint in this case, it contained only official capacity damages claims against FDOC officers. (Doc. 1 at 2-3). The Court issued an order advising Plaintiff that "official capacity monetary damages claims brought by Plaintiff against Defendants are barred by sovereign immunity." (Doc. 5 at 6). And the Court provided Plaintiff with an opportunity to correct that deficiency (and others) by filing an amended complaint. (*Id.* at 17); *see Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020) (explaining that before dismissal a district court should "advise a *pro se* plaintiff of the deficiencies in his complaint and give him an opportunity to amend").

3

Although Plaintiff has now filed an amended complaint, he did not correct the sovereign immunity defect previously identified by the Court. The amended complaint—like the original one—brings only official capacity damages claims against FDOC officers. (Doc. 6 at 2-3). Accordingly, dismissal is warranted under 28 U.S.C. §§ 1915A(b)(2) and 1915(e)(2)(B)(iii) because the amended complaint's claims are barred by state sovereign immunity.[1]

---

[1] Dismissal is also warranted because Plaintiff failed to accurately disclose his litigation history on the complaint form, despite being instructed to do so by the Court. The Eleventh Circuit has repeatedly held that dismissal is an appropriate remedy for failing to disclose litigation history. *See, e.g., Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that the prisoner's failure was not excused by his claimed misunderstanding of the form). The Court previously advised Plaintiff that he must disclose his litigation history when filing his amended complaint. (Doc. 5 at 12-15). Nonetheless, Plaintiff filed an amended complaint that did not accurately disclose his litigation history. (Doc. 6 at 11-14). Although Plaintiff says he does not have records regarding his prior lawsuits, that is not a valid explanation for failing to disclose litigation history. *See Young v. Sec'y, Fla. Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal for failure to disclose litigation history where the plaintiff stated he "no longer had the documents necessary" to list his prior cases). According to the PACER database, it appears that Plaintiff failed to disclose at least three prior cases that should have been disclosed in his amended complaint. Those are: (1) *White v. Sec'y, Dep't of Corr., et al.*, 8:17cv28 (M.D. Fla.) (§ 2254 habeas petition dismissed June 19, 2019); (2) *White v. Fla. State Prison, et al.*, 3:22cv677 (M.D. Fla.) (§ 1983 civil rights case involving use of force by cell extraction team; dismissed without prejudice December 27, 2022); (3) *White v. Pratt, et al.*, 3:23cv24634 (N.D. Fla.) (§

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's amended complaint (Doc. 6) be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) because it seeks monetary relief from immune parties.

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 14th day of July 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or

---

1983 civil rights case involving use of force; dismissed for failure to state a claim on March 7, 2024). Accordingly, dismissal is also appropriate under the Court's inherent power for Plaintiff's failure to accurately disclose his litigation history in violation of the Court's rules. *See McNair v. Johnson*, No. 24-10153, _ F.4th _ (11th Cir. July 14, 2025) (affirming dismissal without prejudice where *pro se* prisoner failed to accurately disclose his litigation history as required by the Court-approved complaint form and the Local Rules); *see also* N.D. Fla. Loc. R. 5.7(A) (requiring *pro se* parties to file civil rights complaints using a Court-approved form); N.D. Fla. Loc. R. 41.1 (allowing the Court to dismiss claims for a party's failure to comply with an applicable rule or order); Doc. 6 at 10-15 (requiring Plaintiff to disclose his litigation history under penalty of perjury).

6

recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.